Susan E. Farley, Esq.
David P. Miranda, Esq.
Brett M. Hutton, Esq.
HESLIN ROTHENBERG FARLEY & MESITI P.C.
5 Columbia Circle
Albany, New York 12203
Telephone: (518) 452-5600
Facsimile: (518) 452-5579
E-mail: sef@hrfmlaw.com;
dpm@hrfmlaw.com; bh@hrfmlaw.com

Attorneys For Plaintiff EC GROUP, INC.
[Additional counsel for Plaintiff identified on last page]

James E. Doroshow, Esq. (SBN: 112920)
LINER YANEELEVITZ SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Defendant
MURRAY'S IRON WORKS, INC.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

FILED
CLERK, U.S. DISTRICT COURT
FEB 27 2008
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EC GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>-v-<br><br>MURRAY'S IRON WORKS, INC., a California corporation,<br><br>Defendant. | Case No.: CV 07-4952 AHM (RCx)<br><br>*Amended*<br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, Plaintiff EC Group, Inc. ("EC Group"), and Defendant Murray's Iron Works, Inc. ("Murray's") (each being referred to as a "party" and all collectively referred to as "parties") are identified as parties in the above-captioned litigation;

-1-

STIPULATED PROTECTIVE ORDER
Case No.: CV 07 4952 AHM (RCx)

1   WHEREAS, each party believes it would sever its interests to conduct
2   discovery under a protective order pursuant to Rule 26(c)(7) of the Federal Rules
3   of Civil Procedure;
4   IT IS HEREBY STIPULATED by and between EC Group and Murray's
5   subject to the approval of the Court, that:
6   1.   This Protective Order on Stipulation ("Protective Order") shall govern
7   the dissemination of information in this litigation.
8   2.   To the extent that documents and things are produced for inspection
9   by a party, each page of all such documents and each such produced thing shall
10  bear a unique identifying number.
11  3.   As used herein, "Confidential Information" means:
12       (a)   information disclosed in response to discovery requests made
13  under Rules 31, 33 or 36 of the Federal Rules of Civil Procedure; provided that
14  each response which is asserted to disclose confidential information is marked
15  "CONFIDENTIAL;"
16       (b)   information disclosed in documents produced for inspection
17  and copying under Rule 34 of the Federal Rules of Civil Procedure; provided that,
18  prior to <u>or simultaneous with</u> production for inspection, the party permitting
19  inspection asserts in writing that confidential information will be disclosed by the
20  inspection and specifies in writing those documents or categories of documents
21  which it asserts would disclose confidential information, and further provided that
22  as to any documents asserted to disclose confidential information which are
23  copied, that each such document which is copied is marked "CONFIDENTIAL"
24  by the producing party on each and every page which it asserts discloses
25  confidential information;
26       (c)   information disclosed through inspection of things or premises
27  under Rule 34 of the Federal Rules of Civil Procedure; provided that, prior to the
28  inspection, the party permitting inspection states in writing that confidential

-2-

1  information may be disclosed by the inspection and specifies in writing those
2  things or parts of things or those premises or parts of premises in which it asserts
3  confidential information may be disclosed;
4      (d)   information disclosed during depositions under Rules 30 or 31
5  of the Federal Rules of Civil Procedure; provided that the deposition or the
6  segments thereof disclosing confidential information shall be designated as
7  "CONFIDENTIAL" by counsel before or during the deposition or within twenty
8  (20) business days of receipt of a deposition transcript by said counsel, and
9      (e)   information which, prior to disclosure to another party, is
10 designated as "CONFIDENTIAL" in writing.
11     4.   If before or during the taking of a deposition, counsel for a party or
12 witness believes that the examination of the witness during the deposition may or
13 does disclose confidential information, or that the response to any questions may or
14 does result in such disclosure, or that a document or thing used or to be used,
15 during examination may or does disclose such confidential information, such
16 counsel shall so notify all other counsel attending the deposition. The deposition
17 of such witness, or the segments thereof containing confidential information, shall
18 then be taken only in the presence of persons who are qualified to have access to
19 confidential information in accordance with paragraphs 5 and 6, except that
20 nothing contained in this paragraph shall be construed as limiting the right of any
21 counsel to designate pursuant to paragraph 3(d) information as
22 "CONFIDENTIAL" within twenty (20) business days of receipt of a transcript of
23 the deposition.
24     5.   Confidential information shall be disclosed only to:
25     (a)   legal counsel for the parties, and any necessary law clerk,
26 paralegal, secretarial, clerical or other lay personnel;
27     (b)   any expert or consultant to legal counsel for purposes of this
28 litigation who has not previously been employed by a party, including any

-3-

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

necessary support personnel; provided that each such expert or consultant has first read this Protective Order and has agreed to abide by its terms by signing an undertaking in the form attached as Exhibit A, a copy of which shall then be served on counsel for the parties together with the address of the expert or consultant and a copy of his or her curriculum vitae/resume and further provided that no disclosure shall take place until the expiration of five (5) working days after such service is made on counsel for the parties after which, disclosure may proceed unless an application to the Court to prevent disclosure has been made before the expiration of the five (5) working day period wherein the burden of proof for maintaining the confidential status of the information shall rest with the party asserting the same;

    (d) the Court and Court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical or other lay personnel;

    (e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other lay personnel; and

    (f) a party (if that party is a natural person) or to natural persons designated by a party (if that party is not a natural person); provided that each natural person has first read this Protective Order and has agreed to abide by its terms by signing an undertaking in the form attached as Exhibit A, a copy of which shall then be served on counsel for the parties.

6. If counsel to a party wishes to disclose confidential information to a natural person other than one designated in paragraph 5(a)-(f), counsel shall serve a written request on the party asserting confidential information stating the name and address of the proposed person, the reasons for the disclosure, the information to be disclosed, and that the proposed person has read the Protective Order and agreed to be bound by its terms by signing an undertaking in the form attached

-4-

STIPULATED PROTECTIVE ORDER
Case No.: CV 07 4952 AHM (RCx)

hereto as Exhibit A and providing a copy of the proposed person's current curriculum vitae/resume. If the asserting party does not agree in writing to the disclosure within five (5) working days of being served with the request, then counsel may apply to this Court *in compliance with Local Rule 37,* for relief from the provisions of the Protective Order as to the proposed person wherein the burden of proof for maintaining the confidential status of the information shall rest with the party asserting the same. If such disclosure is agreed to by the parties or permitted by the Court, such disclosure shall not be made until the proposed person has first read the Protective Order and agreed in writing to be bound by its terms by signing a written undertaking in the form attached hereto as Exhibit A and a copy of that writing has been served on counsel for the parties.

7. As used herein, "counsel-only information" means:

(a) information disclosed in response to discovery requests made under Rules 31, 33 or 36 of the Federal Rules of Civil Procedure provided that each response which is asserted to disclose counsel-only information is marked "COUNSEL-ONLY" or "ATTORNEY'S EYES ONLY", or "SECRET";

(b) information disclosed in documents produced for inspection and copying under Rule 34 of the Federal Rules of Civil Procedure provided that, prior to or simultaneous with production for inspection, the party permitting inspection asserts in writing that counsel-only information will be disclosed by the inspection and specifies in writing those documents or categories of documents which it asserts would disclose counsel-only information, and further provided that as to any documents asserted to disclose counsel-only information which are copied, that each such document is marked "COUNSEL-ONLY", "ATTORNEY'S EYES ONLY", or "SECRET" by the producing party on each and every page which it asserts discloses counsel-only information;

(c) information disclosed through inspection of things or premises under Rule 34 of the Federal Rules of Civil Procedure; provided that prior to the

inspection, the party permitting inspection states in writing that counsel-only information may be disclosed by the inspection and specifies in writing those things or parts of things or those premises or parts of premises in which it asserts counsel-only information may be disclosed;

    (d)    information disclosed during depositions under Rules 30 or 31 of the Federal Rules of Civil Procedure; provided that the deposition or the segments thereof disclosing counsel-only information shall be designated as "COUNSEL-ONLY" by counsel before or during the deposition or within twenty (20) business days of receipt of a deposition transcript by said counsel; and

    (e)    information which, prior to disclosure to another party, is designated as "COUNSEL-ONLY", "ATTORNEY'S EYES ONLY", or "SECRET" in writing.

8.    If before or during the taking of a deposition, counsel for a party or a witness believes that the examination of the witness during the deposition may or does disclose counsel-only information, or that the response to any question may or does result in such disclosure, or that a document or thing used, or to be used, during examination contains such counsel-only information, that counsel shall so notify all other counsel attending the deposition. The deposition of such witness, or the segments thereof containing counsel-only information, shall then be taken only in the presence of persons qualified to have access to counsel-only information in accordance with Paragraphs 9 and 10, except that nothing contained in this paragraph shall be construed as limiting the right of any counsel to designate pursuant to paragraph 7(d) information as "COUNSEL-ONLY", "ATTORNEY'S EYES ONLY", or "SECRET" within twenty (20) business days of receipt of a transcript of the deposition.

9.    Counsel-only information shall be disclosed only to:

    (a)    legal counsel for the parties, and any necessary law clerk, paralegal, secretarial, clerical or other lay personnel;

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

    (b)    any expert or consultant to legal counsel for purposes of this litigation who has not been employed previously by a party, including any necessary support personnel, provided that each expert or consultant has first read this Protective Order and has agreed to abide by its terms by signing an undertaking in the form attached as Exhibit A, a copy of which shall then be served on counsel for the parties together with the address of the expert or consultant and a copy of his or her curriculum vitae/resume and further provided that no disclosure may take place until the expiration of five (5) working days after such service is made on counsel for the parties after which, disclosure may proceed unless an application to the Court in compliance with Local Rule 37, Rule to prevent disclosure has been made before the expiration of the five (5) work day period wherein the burden of proof for maintaining the counsel-only status of the information shall rest with the party asserting the same, and if not so maintained, the information shall revert to CONFIDENTIAL status; and

    (d)    the Court and Court personnel (including stenographic reporters) and any necessary law clerk, paralegal, secretarial, clerical or other lay personnel.

10.    If counsel to a party wishes to disclose counsel-only information to a person other than one designated in paragraph 9(a)-(d), counsel shall serve a written request on the party asserting counsel-only information stating the name and address of the proposed person, the reasons for the disclosure, the information to be disclosed, and that the proposed person has read the Protective Order and agreed to be bound by its terms by signing an undertaking in the form attached hereto as Exhibit A and providing a copy of the proposed person's current curriculum vitae/resume. If the asserting party does not agree in writing to the disclosure within five (5) working days of being served with the request, then counsel may apply to this Court in compliance with Local Rule 37, for relief from the provisions of this Protective Order as to the proposed persons wherein the burden of proof for sustaining the

-7-

counsel-only status of the information shall rest with the party asserting the same, and if not so maintained, the information shall revert to CONFIDENTIAL status. If such disclosure is agreed to by the parties or permitted by the Court, such disclosure shall not be made until the proposed person has first read the Protective Order and agreed in writing to be bound by its terms by signing a written undertaking in the form attached hereto as Exhibit A and a copy of that writing has been served on counsel for the parties.

11. Confidential and counsel-only information shall be used only by persons permitted access to it pursuant to paragraphs 5, 6, 9 and 10 above and shall be used only for a purposed directly related to the prosecution or defense of this action, including the settlement thereof, and shall not be used for any other purposed whatsoever nor shall it be disclosed to persons other than those specified in paragraphs 5, 6, 9 and 10.

12. Except as set forth in paragraphs 5, 6, 9 and 10, confidential and counsel-only information and any materials containing confidential or counsel-only information shall not be disclosed by any person or otherwise disseminated, unless such confidential or counsel-only information or materials shall become public in a manner not in violation of this Protective Order.

13. In the event the parties wish to file documents designated as confidential with the Court, they must do so under seal pursuant to the procedures set forth in Local Rule 79-5.

14. Should the need arise for any of the parties to disclose confidential or counsel-only information during any hearing or trial before the Court, including disclosures through argument or the presentation of testimonial, documentary or physical evidence, such party may do so only after taking such steps as the Court shall deem necessary to preserve the confidentiality of such information.

15. This Protective Order shall not preclude any person from moving this Court for an order *after complying with Local Rule 37,* that confidential or counsel-only information is not, in fact,

-8-

within the scope of protection afforded by Rule 26(c)(7) of the Federal Rules of Civil Procedure or for an order modifying this Protective Order for an additional Protective Order under Rule 26(c), Fed. R. Civ. P. During the pendency of such motion, and until determination on the merits has been made by the Court, the information asserted to be confidential or counsel-only information shall continue to be treated as such under the terms of this agreement. The party asserting confidential or counsel-only status shall have the burden of proving that the information in question is within the scope of protection afforded by Rule 26(c)(7) of the Federal Rules of Civil Procedure.

16. Nothing contained in this Protective Order shall constitute an admission by any party that any information designated as confidential or counsel-only information is a trade secret or other confidential research, development or commercial information within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure.

17. The inadvertent or unintentional disclosure by the producing party of CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY information, either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed CONFIDENTIAL or FOR ATTORNEY'S EYES ONLY information not designated as such pursuant to the provisions herein shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Upon such notice, and receipt of substitute copies bearing the appropriate confidentiality legend, the receiving party shall return said documents and things and not retain copies thereof, and shall thereafter treat information contained in

-9-

1  said documents and any summaries or notes thereof as CONFIDENTIAL or FOR
2  ATTORNEY'S EYES ONLY, as designated by the producing party.
3      18. In the event that a producing party inadvertently produces a document
4  that otherwise is not discoverable for reasons of the attorney-client privilege or
5  work product immunity, or both, such inadvertent production shall not constitute
6  any waiver of attorney-client privilege or work product immunity, provided that, as
7  soon as reasonably possible after the producing party becomes aware of the
8  inadvertent production, such party gives written notice to the requesting party and
9  all copies of such inadvertently produced documents shall promptly be returned by
10 the requesting party to the producing party on demand.
11     19. Any natural or juridical person not a party to this Order shall be
12 entitled to become a party to it after securing the prior written consent of each
13 party to this Order and upon executing an Order on Stipulation in the form attached
14 as Exhibit B.
15     20. On final termination of this litigation, each counsel, expert, consultant
16 and other person subject to the terms of this Protective Order shall be under an
17 obligation to assemble and to promptly return to the originating source, or to
18 destroy, all documents and things including or embodying confidential or counsel-
19 only information, including without limitation all copies, excerpts, summaries,
20 notes, digests, abstracts and indices thereof, and all documents and things which
21 have been prepared relating thereto, except that outside and inside legal counsel for
22 each party may retain one set of pleadings and other papers filed with the Court,
23 including transcripts of hearings and trial, hearing and trial exhibits, and deposition
24 transcripts and deposition exhibits.
25     21. This Protective Order shall survive the termination of this action.

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

22. Attached hereto as Exhibit C is the [Proposed] Order Approving The Stipulated Protective Order.

DATED: February 18, 2008

By /s/ Susan E. Farley
Susan E. Farley, Esq.
David P. Miranda, Esq.
Brett M. Hutton, Esq.
HESLIN, ROTHENBERG, FARLEY & MESITI, P.C.
5 Columbia Circle
Albany, New York 12203-5160
(518) 452-5600 (Telephone)
(518) 452-5579 (Fax)

Attorneys for Plaintiff EC GROUP, INC.

DATED: February 18, 2008

By /s/ James E. Doroshow
James E. Doroshow, Esq.
LINER YANKELEVITZ SUNSHINE & REGENSTREIF LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, CA 90024-3503
Telephone: (310) 500-3500
Facsimile: (310) 500-3501

Attorneys for Defendant MURRAY'S IRON WORKS, INC.

**Additional Counsel for Plaintiff:**

John L. Haller, Esq. (CA Bar No. 61392)
Susan B. Meyer, Esq. (CA Bar No. 204931)
GORDON & REES LLP
101 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile: (619) 696-7124
E-mail: jhaller@gordonrees.com;
smeyer@gordonrees.com

Aaron P. Rudin, Esq. (CA Bar No. 223004)
GORDON & REES LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
E-mail: arudin@gordonrees.com

-11-

STIPULATED PROTECTIVE ORDER
Case No.: CV 07 4952 AHM (RCx)

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EC GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>-v-<br><br>MURRAY'S IRON WORKS, INC., a California corporation,<br><br>Defendant. | Case No.: CV 07-4952 AHM (RCx) |

STATE OF            )
                    ) SS.:
COUNTY OF           )

_____, being first duly sworn, states:

1. I have received the attached copy of the Stipulated Protective Order ("Protective Order") in this case.

2. I have carefully read and I understand the provisions of the attached copy of the Protective Order.

3. I acknowledge that I am being given access in this lawsuit to information designated by one or another of the parties as CONFIDENTIAL and/or ATTORNEY'S EYES ONLY information under the terms of the Protective Order, and I agree to be bound by, and comply with, all of the provisions of the Protective Order.

4. I further submit myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing, modifying or seeking other relief under the Protective Order.

5. During the pendency and after final termination of this case, I will hold in confidence and not use or disclose CONFIDENTIAL and/or ATTORNEY'S EYES ONLY information to anyone not qualified to have access under paragraphs 9 and 10 of the Protective Order.

6. As soon as practicable, but no later than twenty (20) days after final termination of this case, I will return all documents and things containing CONFIDENTIAL and/or ATTORNEY'S EYES ONLY information, including, without limitation, all copies, excerpts, summaries, notes, digests, abstracts and indices thereto, which have come into my possession, custody or control and all documents and things which I have prepared relating thereto, to the legal counsel from whom I have received the CONFIDENTIAL and/or ATTORNEY'S EYES ONLY information.

Date: _____, 2008

_____
Signature

_____
Title or Position

_____
Printed Name

_____
Address

_____
City, State, Zip Code

_____
Telephone Number

Subscribed and sworn to before me this ____ day of _____, 2008.

_____
Notary Public

-13-

STIPULATED PROTECTIVE ORDER
Case No.: CV 07 4952 AHM (RCx)

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EC GROUP, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　　-v-<br><br>MURRAY'S IRON WORKS, INC., a California corporation,<br><br>　　　　Defendant. | Case No.: CV 07-4952 AHM (RCx) |

### ORDER ON STIPULATION

_____, desiring to avail itself of the rights and obligations of the attached Protective Order on Stipulation ("Protective Order") in the above-captioned litigation, states:

1. It has received the attached copy of the Protective Order on Stipulation ("Protective Order") in this case.

2. It has carefully read and it understands the provisions of the Protective Order.

3. It agrees to be bound by, and comply with, all of the provisions of the Protective Order.

///
///
///
///
///
///

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-14-

1  4. It submits itself to the jurisdiction of the United States District Court
2  for the Central District of California for the purpose of enforcing, modifying or
3  seeking other relief under the Protective Order.
4
5  Dated: _____, 2008
6                                              By: _____
7  (Authorized Representative)
8  (Address)

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

-15-

STIPULATED PROTECTIVE ORDER
Case No.: CV 07 4952 AHM (RCx)

EXHIBIT C

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EC GROUP, INC., a California corporation,<br><br>Plaintiff,<br><br>-v-<br><br>MURRAY'S IRON WORKS, INC., a California corporation,<br><br>Defendant. | Case No.: CV 07-4952 AHM (RCx)<br><br>[PROPOSED] ORDER APPROVING STIPULATED PROTECTIVE ORDER |

## ORDER

AND NOW, upon consideration of the foregoing Stipulated Protective Order and good cause appearing, the Court hereby approves the foregoing Stipulated Protective Order, as amended in paragraphs 5(c), 6, 9(b), 10 + 15.

**IT IS SO ORDERED.**

DATED: 2/27/2008

_____
United States ~~District Court~~ Magistrate Judge

Gordon & Rees LLP
633 West Fifth Street
Suite 4900
Los Angeles, CA 90071

HRFM/1046809/5425207v.1

-16-

STIPULATED PROTECTIVE ORDER
Case No.: CV 07 4952 AHM (RCx)